IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD KEITH, <br><br> Defendant. | 8:16CR83 <br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on defendant Richard Keith's ("Keith") Motion for Sentence Reduction (Filing No. 36). The motion seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons stated below, Keith's motion is denied.

I. **BACKGROUND**

Keith pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Keith's total offense level was 21, and his criminal history category was V, resulting in a guideline range of 70 months to 87 months. On October 25, 2017, he was sentenced at the low end of the guideline range to a term of 70 months, to be followed by five years of supervised release. Keith now asks for a sentence reduction.

II. **DISCUSSION**

A. **Motion Under 18 U.S.C. § 3582(c)(2)**

As the basis for his motion, Keith specifically cites to 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Section 3582(c)(2) states:

> The court may not modify a term of imprisonment once it has been imposed except that…
>
> *in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)*, upon motion of the

> defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added). Similarly, § 1B1.10 of the Guidelines applies only to defendants who are serving a term of imprisonment based on an applicable guideline range that has been lowered by amendment. *See* U.S.S.G. § 1B1.10(a)(1).

Keith makes no allegations that support a reduction under 18 U.S.C. § 3582(c)(2) and § 1B1.10. Keith does not argue that he was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Nor does he reference any amendment to the Guidelines that would impact his sentencing range. Keith was sentenced in 2017, three years after the most recent applicable amendment to the Guidelines. *See* U.S.S.G. Supp. App. C., Amend. 782 (2014). Accordingly, 18 U.S.C. § 3582(c)(2) and § 1B1.10 do not apply to Keith's Motion.

**B.     Release Based on Post-Conviction Rehabilitation**

To the extent Keith seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), based on his post-conviction rehabilitation, his motion must also be denied. As amended by the First Step Act, § 3582(c)(1)(A)(i) would permit Keith to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Keith makes no argument that he has exhausted his administrative remedies with the BOP or otherwise satisfies § 3582(c)(1)(A).

Even if he could, Keith does not present extraordinary and compelling reasons to support a reduction in sentence. In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics;

2

and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13 lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Again, Keith's motion is based solely on his post-conviction rehabilitation. He includes evidence that he has not been subject to BOP discipline and has completed several substance-abuse programs. Keith's activities are commendable, but they cannot—on their own—constitute extraordinary and compelling reasons for sentence reduction. Because Keith's motion is based solely on his post-conviction rehabilitation, the relevant § 3553(a) factors and surrounding circumstances weigh against release.

Based on the foregoing, defendant Richard Keith's motion to reduce his sentence (Filing No. 36) pursuant to 18 U.S.C. § 3582(c)(2) is denied.

IT IS SO ORDERED.

Dated this 13th day of January 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge